IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



NOE LUJANO JAIMES, §
 §
   Movant, §
 §
VS. § NO. 4:19-CV-657-A
 § (NO. 4:17-CR-223-A)
UNITED STATES OF AMERICA, §
 §
   Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Noe Lujano Jaimes, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion, the memorandum in support (which is attached to the motion and titled "Attachments to Habeas Petition"), the response, and pertinent parts of the record in Case No. 4:17-CR-223-A, styled "United States of America v. Noe Lujano-Jaimes," has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On October 18, 2017, movant was named in a one-count indictment charging him with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(C). CR Doc.¹ 8. On December 13, 2017, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 19. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 21. They also signed a consent to administration of guilty plea and Fed. R. Crim. P. 11 allocution by the United States Magistrate Judge. CR Doc. 20. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. On that basis, the Magistrate Judge recommended that the plea of guilty

---

¹The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-223-A.

2

be accepted by the undersigned. CR Doc. 22. No objections were made to the recommendation, which the undersigned accepted. CR Doc. 27.

The probation officer prepared the PSR, which reflected that movant's base offense level was 38. CR Doc. 35, ¶ 34. He received two-level enhancements for possession of a firearm, importation from Mexico, and maintaining a premises for manufacturing or distributing a controlled substance. Id. ¶¶ 35-37. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 43-44. Based on his total offense level of 41 and a criminal history category of III, movant's guideline imprisonment range was 360 months to life. However, the statutorily authorized maximum sentence was 120 months, so that became the guideline sentence. Id. ¶ 92. Movant submitted objections to the PSR and the probation officer prepared an addendum thereto. CR Doc. 38. The probation officer rejected the objections to the two-level enhancements for importation and maintaining a drug premises as well as the objection as to calculation of the offense level. Id. The addendum corrected the PSR to reflect that the statutory guideline sentence was 240 months. Id. at 3.

On May 11, 2018, movant appeared for sentencing. He persisted in his objections, which the court overruled. CR Doc.

3

50. The court noted that even without the increases for importation and drug premises, a sentence above 240 months would have been appropriate, but the court was limited by the statutory maximum of 240 months to which it sentenced movant. Id. at 18-19; CR Doc. 45. Movant filed a notice of appeal, CR Doc. 47, but failed to prosecute it. CR Doc. 48.

II.

Grounds of the Motion

Movant asserts four grounds in support of his motion, all alleging ineffective assistance of counsel. They are worded as follows:

> GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL/FAILURE TO INVESTIGATE

Doc.[2] 1 at PageID[3] 4.

> GROUND TWO: INEFFECTIVE ASSISTANCE OF COUNSEL/FAILURE TO OBJECT TO THE SENTENCING ENHANCEMENTS

Id. at PageID 5.

> GROUND THREE: INEFFECTIVE ASSISTANCE OF COUNSEL/NEVER NEGOCIATED [sic] A FAVORABLE [PLEA] BEFORE HAVING THE MOVANT PLEAD GUILTY

Id. at PageID 6.

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3]The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten page numbers on the form movant used are not the actual page number of the document.

GROUND FOUR: INEFFECTIVE ASSISTANCE OF COUNSEL/FAILURE TO CONSULT WITH MOVANT ABOUT APPEAL

Id. at PageID 8.

## III.

### Standards of Review

A. <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal.

Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that

6

the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In support of his first ground, movant alleges that he "claimed that he was induced with threats to his family to commit the instant offense. Counsel failed to investigate the story." Doc. 1 at PageID 4. His memorandum makes the same allegation, that "[m]ovant claimed he was induced by people unknown to him to commit the instant offense." Id. at PageID 13. He then says that counsel never investigated the story. Id. at PageID 13-14. He offers no proof, however, that the "story" is true. And, despite citing the standard for failure to investigate, movant does not allege with specificity what any investigation would have

7

revealed, much less how it would have altered the outcome of the case. Id. at PageID 14.

To raise a successful duress defense, a defendant must prove that: (1) he was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury; (2) he had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to choose the criminal conduct; (3) he had no reasonable legal alternative to violating the law, that is, the chance both to refuse to do the criminal act and also to avoid the threatened harm; and (4) a direct causal relationship might reasonably be anticipated between the criminal action taken and the avoidance of the threatened harm. United States v. Posada-Rios, 158 F.3d 832, 873 (5th Cir. 1998). Movant has not shown the existence of evidence to support any of these elements. And, as the government points out, movant's own statements and conduct show that movant could not meet the test. Doc. 7 at 10-13.

In his second ground, movant alleges that his counsel was ineffective in failing to object to sentencing enhancements. Doc. 1 at PageID 5, 15. The record reflects that counsel lodged objections and argued them at sentencing. CR Doc. 38; CR Doc. 50. Further, the court noted at the sentencing hearing that the same

8

sentence would have been imposed even had the objections been sustained. CR Doc. 50 at 18-19.

In his third ground, movant argues that his counsel was ineffective for having failed to negotiate a plea agreement. Doc. 1 at PageID 6. The facts asserted in the type-written portion of the form do not support this ground, instead referring back to the basis for the first ground. Id. The memorandum seems to argue that since there was no plea deal that movant must not have been informed of his constitutional rights.[4] Id. at PageID 15. The memorandum goes on to question whether counsel advised movant about anything, as though the author had no idea. Id. at PageID 16. In any event, a defendant has no constitutional right to a plea bargain. Weatherford v. Bursey, 429 U.S. 545, 561 (1977); United States v. Rankin, 572 F.2d 503, 505 (5th Cir. 1978). And, movant presents no evidence that he could have gotten a more favorable plea agreement than he did with the government's charging him with an offense subject to a 20-year maximum sentence. Doc. 7 at 15-16.

In his fourth ground, movant alleges that counsel was ineffective for failing to respond to letters regarding the status of his appeal. Doc. 1 at PageID 8. As noted, movant

---

[4] This allegation is belied by the record. See, e.g., CR Doc. 22.

proceeded pro se on appeal. CR Doc. 47. He was notified by the Fifth Circuit of what he needed to do to proceed. Doc. 7 at 17 (referring to May 31, 2018 Fifth Circuit letter). No brief was filed and the Fifth Circuit dismissed the appeal for want of prosecution. CR Doc. 48.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 11, 2019.

_____
JOHN McBRYDE
United States District Judge